IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 90-CR-0047-001-CVE |
| ) | |
| **RODRICK KENNETH HOWARD,** ) | USM Number: 06416-062 |
| ) | |
| **Defendant.** ) | |

**CORRECTED OPINION AND ORDER**

Before the Court is the motion of defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 73). At the original sentencing, the Court, using the November 1989 <u>Guidelines Manual</u>, imposed a sentence of 360 months as to Counts One and Two. The Court found the defendant conspired with others to distribute 5.3 kilograms of crack cocaine, resulting in a base offense level 40. The Court increased the sentence by two levels for obstruction of justice, resulting in a total offense level of 42 with a sentencing range of 360 months to life. In 1995 defendant moved for a § 3582(c) reduction of sentence based on Amendment 505, which capped the §2D1.1 base offense level at level 38. The Court granted defendant's motion and on March 6, 1996, reduced the sentence to 292 months imprisonment as to Counts One and Two, based on total offense level 40 with a sentencing range of 292 to 365 months. Defendant now moves for reduction of sentence based on Amendment 706 which adjusts the §2D1.1 base offense level downward two levels for many cases. Defendant also moves for modification of sentence by application of USSG §5C1.2, the so called "safety valve," and presumably a connected application, USSG §2D1.1(11). Defendant further requests that the Court consider a downward variance based on continued disparity in the powder to crack cocaine ratio. In support of his request for a non-guideline sentence,

defendant cites Kimbrough v. United States, 128 S.Ct. 558, 564, 169 L.Ed.2d 481 (2007), an offshoot of United States v. Booker, 543 U.S. 220 (2005), and the sentencing factors found in 18 U.S.C. § 3553(a).

Retroactive Amendment 706, which became effective November 1, 2007, reduced the adjusted offense level for many offenses involving crack cocaine. The defendant was resentenced in March 1996 under the November 1994 Guidelines Manual, which provided for a level 38 ceiling on the base offense level. At that resentencing, the Court again found the defendant conspired to distribute 5.3 kilograms of crack cocaine.[1] Application of the Amendment 706-revised guideline results in a base offense level 38 for 4.5 kilograms or more of crack cocaine. A two-point enhancement for obstruction of justice equates to a total offense level of 40, the same offense level as applied at the 1996 resentencing. A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. USSG §1B1.10(a)(2)(B). As the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

As to defendant's request for modification of sentence by application of the "safety valve" provisions found in §5C1.2, and although not urged by defendant, application of related §2D1.1(11), the Court is without jurisdiction to do so. The guideline amendment giving rise to §5C1.2 is

---

[1] The defendant did not object to the 1996 revised presentence report's finding that he is accountable for 5.3 kilograms of crack cocaine. Further, defendant reaffirms this quantity in his motion for reduction of sentence (Dkt. # 73, at 10), stating the guideline calculation should be based on 5 kilograms of crack cocaine.

Amendment 509. The guideline amendment that added §2D1.1(11) is Amendment 515. Amendments 509 and 515 are not listed in the 2007 Guidelines Manual – §1B1.10(c), or the Supplement to the 2007 Guidelines Manual – §1B1.10(c), dated May 1, 2007. Eligibility for consideration under 18 U.S.C. § 3582(c) is triggered only by an amendment listed in §1B1.10(c). USSG §1B1.10(a)(2)(A), comment. (n. 1(A)). As neither Amendment is listed in §1B1.10(c), the amendments are not retroactive.[2] See United States v. Torres, 99 F.3d 360, 362-63 (10th Cir. 1996) (holding that §5C1.2 may not be applied retroactively to a sentence entered before its effective date). Here again, as set out in Trujeque, because defendant's sentence is not reduced based on a guideline that has been subsequently lowered by the Sentencing Commission, this Court is without jurisdiction to consider the matter.

With respect to defendant's request for a variance, this Court does not have jurisdiction to consider the defendant's motion. A district court's authority to reconsider sentencing may only stem only from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. See United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Under cover of a flawed § 3582(c) motion, defendant wants this Court to reconsider his sentence and reduce the term pursuant to Booker, Kimbrough, and § 3553(a) factors. The Court is aware of no statute or rule of criminal procedure that permits such reconsideration. This Court determined above that a reduction of sentence is not authorized by § 3582(c) because of the amendments cited, two are not retroactive

---

[2]  The Court notes that even if these amendments were retroactive, defendant would not qualify for these guideline applications. Defendant was convicted by jury trial. He did not, as required by §5C1.2(5), truthfully provide the Government all information and evidence the defendant had concerning the offense and conduct relevant to the offense of conviction. Because the defendant did not meet all five criteria of §5C1.2, he is not eligible for the limitation on applicability minimum statutory penalties. The two-point reduction under §2D1.1(11) is actuated only when all criteria of §5C1.2 are met.

and the third, although retroactive, does not have the effect of lowering the defendant's guideline range.  Because § 3582(c) does not apply, there is no authority to resentence the defendant.  Unless a basis for resentencing a defendant falls within § 3582(c), a district court lacks jurisdiction to consider a defendant's request to change a sentence.  See United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997).  Defendant points to the effects of Booker and related cases as a basis to reconsider his sentence.  However, the Booker decision does not give courts retroactive authority to change sentences, and § 3582(c) does not come into play until there has been a change in the guidelines that affects a defendant's sentence.  Thus, defendant's contention that a district court must, under this circumstance, consider Booker and § 3553(a), is erroneous.  See United States v. Price, 438 F.3d 1005 (10th Cir. 2006) (holding that Booker itself does not provide requisite authority to reopen sentencing proceedings under § 3582(c)); see also United States v. Moreno, 421 F.3d 1217-1220 (11th Cir. 2005); Hayes v. United States, 141 Fed. Appx. 463, 464 (7th Cir. 2005); United States v. Sanchez, 140 Fed. Appx. 409, 410 (3rd Cir. 2005).

For reasons stated herein this Court is without jurisdiction to consider a reduction of sentence under 18 U.S.C. § 3582(c).  As such, no resentencing will occur and this Court does not, on grounds urged by defendant, have authority to reconsider the sentence imposed.

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence (Dkt. # 73) is **dismissed for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that the previous Opinion and Order (Dkt. # 76) is hereby **vacated.**

**DATED** this 11th day of September, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT